1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Matthew Becker, SBN 262816
BECKER LAW PRACTICE
333 University Ave #200
Sacramento, CA 95825
beckerlawpractice@gmail.com
Ph. (916)591-5150
Fx. (916)352-6299

Attorney for Plaintiff:
Thomas Antoon d/b/a Pacifica Beach Yoga

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Antoon d/b/a Pacifica Beach Yoga,<br>Plaintiff,<br><br>vs.<br><br>Gavin Newsom, in offical capacity as<br>  Governor of California;<br>Xavier Becerra, in offical capacity as Attorney<br>  General of California;<br>Sonia Y. Angell, in offical capacity as State<br>  Public Health Officer;<br>Scott Morrow, in offical capacity as Public<br>  Health Officer of County of San Mateo;<br>Carlos G. Bolanos, in offical capacity as<br>  Sheriff of San Mateo County;<br>Dave Pine, in offical capacity as San Mateo<br>  County Supervisor;<br>Carole Groom, in offical capacity as San Mateo<br>  County Supervisor;<br>Don Horsley, in offical capacity as San Mateo<br>  County Supervisor;<br>Warren Slocum, in offical capacity as San<br>  Mateo County Supervisor;<br>David Canepa, in offical capacity as San Mateo<br>  County Supervisor;<br>Pacifica, in offical capacity as California<br><br>Defendants. | Case No 3:20-cv-3141<br><br>COMPLAINT FOR INJUNCTIVE RELIEF<br>DAMAGES<br><br>Complaint for Damages:<br>1) First Amendment Right to Peaceably Assemble;<br>2) Fourth Amendment Unreasonable Seizure of Person<br>3) Fourth Amendment Unreasonable Seizure of Property<br>4) Fifth Amendment Takings<br>5) Eighth Amendment Excessive Fines and Cruel and Unusual Punishment<br>6) 14th Amendment Right to Earn a Living<br>7) 14th Amendment Equal Protection Between Essential and Non-Essential Businesses<br>8) 14th Amendment Privileges or Immunities Right to Travel<br>9) Violation of Civil Rights for Causes of Action 1-8<br>10) Cal. Const Art 1, § 1 Right to Acquire Property<br>11) Cal. Const Art 1, § 7 Due Process<br>12) Cal. Const Art 1, § 13 Unreasonable Seizure of Person<br>13) Cal. Const Art 1, § 13 Unreasonable Seizure of Property<br>14) Cal. Const Art 1, § 19 Just Compensation |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff brings this action to stop the named Defendants from violating Plaintiff's rights under the First Amendment Right to Peaceably Assemble for the purpose of exchange of goods and services, the Fourth Amendment right to be free from unreasonable seizure of persons, the Fourth Amendment right to be free from unreasonable seizure of property, the Fifth Amendment right to Just Compensation for taking of property, the Eighth Amendment right to be free from unreasonable fines and cruel and unusual punishment, the Fourteenth Amendment's right to Due Process to earn a living, the Fourteenth Amendment's right to Equal Protection under the laws, the Fourteenth Amendment's right to Privileges or Immunities to travel, the Cal Const Art 1 § 1 right to liberty to acquire property, the Cal Const Art 1, § 7 right to Due Process for denial of all rights listed in this complaint, the Cal Const Art 1, § 13 right against unreasonable seizure of persons, the Cal Const Art 1, § 13 right against unreasonable seizure of property, the Cal Const Art 1, § 19 right to just compensation in advance of taking of property.

Plaintiff seeks injunctive relief in the form of ORDERS from the Court declaring the Stay-At-Home orders (broadly defined) as unconstitutional. Plaintiff also seeks compensatory damages from all defendants not immune to such under the 11th Amendment. Plaintiff also intends to seek permission to amend the complaint to demand punitive damages from all Defendants not immune to such under the 11th Amendment where appropriate. Plaintiff also seeks attorney fees under 42 U.S.C. § 1983 and California Law as appropriate.

### PRELIMINARY BACKGROUND

1) Plaintiff is founder and owner of Pacifica Beach Yoga, LLC, a corporation in which Plaintiff runs yoga classes multiple times per day and also permits other yoga instructors to teach yoga classes. Plaintiff lives in the same building in a home that is directly above his yoga studio. When Defendants issued their stay-at-home orders on

Page **2** of **28**

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Thomas Antoon d/b/a Pacifica Beach Yoga v. Newsom et al --- Case No. 3:20-cv-3141

March 16, 2020, Plaintiff immediately complied and shut down his business under orders of law out of fear of fines, arrest, and criminal prosecution. Plaintiff has applied for various government benefit packages and has been deemed ineligible for some and not yet received any from all other programs applied to. Plaintiff can no longer afford his medications unless he can earn a living. Plaintiff reopened his yoga business briefly until visited by San Mateo County Public Health and given a warning citation stating that if he did not immediately close his business that he would receive citations and/or face criminal prosecution and loss of his business license. Plaintiff's yoga community has stayed in touch with each other and has indicated to him signs of mental health deterioration caused by lack of yoga classes. Plaintiff's yoga community corresponds regularly and none have shown any signs of symptoms of the SARS-nCoV-2 virus. Prior to his brief reopening, Plaintiff reorganized his yoga studio so as to accommodate whatever public health concerns could be deemed legitimate governmental interests.

2) Throughout the history of the United States, there has been a nearly unspoken right to earn a lawful living. The closest that this issue came to be discussed in court decisions was in *Lochner v. New York*, 198 US 45 (1905) and its progeny where a liberty of contract was found to exist under the 14th Amendment Due Process clause. While this case was subsequently overturned upon threat to the court by President Roosevelt to "pack" the Court, the overturning was on the specific issue of minimum wage laws and whether there is a general liberty of contract that could be violated by State use of police powers, *subject to the requirement that this use of the police power must be reasonable and not arbitrary*.

3) Sometime in 2019, a novel virus emerged in China, now known in the scientific community as SARS-nCoV-2, which causes a disease now known as CoViD-19.

CoViD-19 (hereinafter COVID) is known to, for some fraction of persons who contract the SARS-nCoV-2 virus to cause Acute Respiratory Distress Syndrome (ARDS) and other symptoms.

4)  At some point prior to the end of January 2020, this virus had spread from China to the United States.

5)  Although even at the end of February 2020, Dr. Fauci, Director of the National Institute of Allergy and Infectious Disease was still saying that this was unlikely to impact the USA in a severe way and that people should go about their normal lives, by early March 2020, the USA population had entered into a state of panic.

6)  On March 4, 2020, Defendant Gavin Newsom declared a State of Emergency regarding the disease known as COVID-19.

7)  On March 16, 2020, San Mateo County Public Health Official, Defendant Scott Morrow issued an order that arbitrarily determined certain businesses to be "essential" and that all other businesses not favored by Defendant Morrow be ordered closed. No provision was made for compensation to such business owners for the regulatory taking of all value from the property.

8)  On March 20, 2020, Defendant Gavin Newsom issued a state-wide Shelter in Place order which arbitrarily determined certain businesses to be "essential" and that all other businesses not favored by Defendant Newsom be ordered closed. No provision was made for compensation to such business owners for the regulatory taking of all value from the property. See EXECUTIVE ORDER N-33-20, which adopted as an order from Gavin Newsom the Order issued by Defendant Angell on the same date of March 19, 2020.

9)   On April 29, 2020, San Mateo County Public Health Official, Defendant Scott Morrow issued the latest (as of the date of this suit) order (Order No. c19-5c(REVISED)) that extended until at least May 31 the order of March 16 in all respects material to this suit.

10)  The Sheriff Department of each County is mandated by statute to enforce the orders of the local County Health Official.

11)  Pacifica Police Department also has authority to enforce the orders by virtue of Plaintiff and Plaintiff's business being within the city of Pacifica.

12)  These Shelter-In-Place orders criminalized people going out of their places of abode for reasons other than those specifically enumerated and effectively amounted to a collective seizure of the liberty of movement of the entire population of California.

13)  These Shelter-In-Place orders furthermore arbitrarily chose certain businesses, of which Plaintiffs' business is one, that were mandated to be closed.

14)  These Shelter-In-Place orders were implemented based on extremely limited information, much of which has turned out to be inaccurate. Among this information was a belief, unsupported by science then, and contradicted by science now, that the SARS-nCoV-2 virus had a fatality rate of between 5-10% for those infected with the virus.

15)  Although Plaintiffs begrudgingly complied with these orders at first, the continued extensions of such orders has made compliance untenable.

16)  Plaintiffs can no longer afford his medications as a result of the loss of his income.

17)  With recent scientific studies now contradicting the unscientific "model" based speculation of fatality rates and the utterly misleading narrative being portrayed daily by the news media, the time has come to challenge in court the reasonableness of the decisions to shut down our society's economic capabilities and to end the prohibition

on Plaintiff's ability to earn a living and fulfill his pursuit of happiness in helping to relieve stress from his fellow local citizens by teaching yoga classes.

## PARTIES

18) Plaintiff Thomas Antoon d/b/a Pacifica Beach Yoga LLC is a small business owner in Pacifica, Ca that runs a small yoga studio underneath his abode. For years now, Plaintiff has used his business to help provide physical and mental well-being for his fellow Pacificans who are his customer base. The vast majority of Plaintiff's income derives from his yoga business and the 100% elimination of business revenue caused by the shutdown order has made it so that Plaintiff is now unable to afford his medications.

19) Defendant Gavin Newsom is the Governor of the State of California. He issued an order on March 19, 2020 that effectively orders Plaintiffs' businesses to be shut down indefinitely.

20) Defendant Xavier Becerra is the Attorney General of the State of California. He is responsible for the enforcement of the laws of the State of California and is required to be noticed in any action under California law seeking to challenge the constitutionality of any California law.

21) Sonia Y. Angell is the Public Health Official of the State of California and issued guidelines and orders that effectively orders Plaintiffs' businesses to be shut down indefinitely.

22) Defendant Scott Morrow is the Public Health Officer of San Mateo County. He issued an order on March 16, 2020 that effectively orders Plaintiff's business to be shut down indefinitely.

23) Defendant Carlos G. Bolanos is the Sheriff of San Mateo County. He has issued public statements and that his officers can arrest people and commence criminal prosecution

against people who violate the orders issued by Governor Newsom and Scott Morrow as required under state law.

24) Defendant Dan Steidle is the Chief of the Pacifica Police Department. He has authority to cite and arrest people for violating the shutdown orders issued by Scott Morrow and Gavin Newsom.

25) Defendants Dave Pine, Carole Groom, Don Horsley, Warren Slocum, and David Canepa are the supervisors on the San Mateo County Board of Supervisors.

**JURISDICTION AND VENUE**

26) The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because Plaintiff alleges an imminent violation of its rights under the Constitution of the United States.  It has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

27) The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because the action presents an actual controversy within the Court's jurisdiction.

28) Venue is proper in this judicial district under 28 U.S.C. § 1391(b). All Defendants other than Gavin Newsom, Xavier Becerra, and Sonia Y. Angell are residents of and/or perform their official duties in this district.  Defendants Newsom, Becerra, and Angell assert to have authority by virtue of their offices over Plaintiff and Plaintiff's business. In addition, a substantial part of the events giving rise to the claims in this Complaint arose in this district, because the prohibition of Plaintiffs exercising their fundamental rights will be enforced in this district.  Plaintiffs reside in this district as well.

**FACTS**

29)   The SARS-CoV-2 virus (hereinafter CoV) infected the first human estimated in late fall or early winter of 2019, likely in the city of Wuhan, China.

30)   Those infected with the CoV are considered to have Corona-Virus-Disease-2019, commonly referred (and referred hereinafter) as COVID or COVID-19.

31)   CoV spread through unknown mechanism through the population and from someone who travelled from China to the USA.

32)   CoV likely caused its first fatality in the USA in Santa Clara County California in early February 2020.

33)   Until late February 2020, Dr. Anthony Fauci was still telling the people of the United States that the CoV was unlikely to be much of a threat and that people should go about their normal business.

34)   By early March, 2020, news media reports were that CoV was causing a fatality rate of over 5% of those who become infected.

35)   After the CoV caused a significant number of deaths in a nursing home facility in Washington State, the media began calling for action from the government.

36)   Shortly thereafter, Defendants began to issue shelter-in-place orders, placing criminal penalties on those who would violate these orders.

37)   Defendants have declared it a criminal act for any person to keep open a place of business that falls outside of those favored as what Defendants arbitrarily deemed "essential services".

38)   The decision to issue the shelter in place orders (hereinafter referred to as shutdown orders) was made with insufficient information to justify these extreme measures.

39) Recent studies in Germany and from Stanford University and USC/LADPH and NY State have shed light on the actual infection-fatality rates. Additional studies are expected to come out frequently over coming days and weeks.

40) The German study showed antibody presence in such a large percentage of the population that the inferred infection fatality rate approximately 0.37%.

41) The Stanford study showed antibody presence in Santa Clara County in such a large percentage of the population that the inferred infection fatality rate is between 0.1%-0.2%.

42) The USC study is being publicly claimed as showing that the infected percentage of the population is over 50 times that which is being publicly reported in the news media, indicating, like the German and Stanford studies, that the actual infection fatality rate is a small fraction of what the news media is generally reporting as the Case Fatality Rate (CFR), which is more properly analogized as a Hospital Fatality Rate since testing has been largely limited to those whose symptoms are serious enough to need hospitalization.

43) The New York study apparently is showing an infection fatality rate of somewhere in the range of 0.5%.

44) Of the four studies listed above, only the Stanford study has been written and published publicly in an academic format.

45) CDC has indicated on their web page that as of April 28, 2020, they are finally beginning serology studies, but has as of the filing of this complaint, not published any data from these studies.

46) Defendants claim that Plaintiff's business is "non-essential".

47) This designation of non-essential status means that Defendants claim it to be unlawful for Plaintiff to travel to his place of business for the purpose of conducting business, even though his business is literally just downstairs from his abode.

48) This designation of non-essential status means that Defendants claim it to be unlawful for Plaintiff to engage in his trade for the purpose of earning a living.

49) Plaintiff's total loss of income has resulted in Plaintiff being unable to afford his medications for chronic and potentially life threatening illnesses.

50) This designation of non-essential status means that Plaintiff's business location has essentially been seized by Defendants without individualized suspicion of anything other than practicing a trade deemed by Defendants to be non-essential.

51) Plaintiff has not received compensation, nor the ability to seek trial by jury for the determination of amount of compensation prior to the seizure of his business locations.

52) Plaintiff is prohibited from leaving his place of abode for reasons other than those which Defendants permit.

53) Plaintiff is prohibited from peaceably assembling with others for the purpose of exchanging goods and services that are ordinarily engaged in in a free society.

54) Plaintiff is prohibited from travelling freely.

55) Plaintiff faces fines or potential fines and loss of his business license for engaging in normal living. Such fines are excessively above the Constitutionally permissible amount of ZERO and constitute cruel and unusual punishment for engaging in daily living.

56) Defendants' denial of Plaintiff's right to earn a living is arbitrary and capricious and utterly without reason for differentiation compared to many other situations which

Defendants permit, such as supermarkets, liquor stores, marijuana shops, and standing in line outside Lowe's or Home Depot where no social distancing is practiced.

57)  Plaintiff has decided that upon getting the shutdown orders lifted that Plaintiff will change his business practices to minimize the risk of transmission of the SARS-nCoV-2 virus in the following manner:

  a.  Reducing normal occupancy of 27 persons down to 8 persons including the instructor so as to permit proper physical distancing;

  b.  Placing markers on the ground to indicate where yoga students should stand to permit proper physical distancing;

  c.  Have all yoga students and the yoga instructor for each class wear masks that are well-fitted;

  d.  Provide a hand-washing station and access to alcohol based hand sanitizer and anti-viral wipes for each yoga student to employ;

  e.  Keep the front and rear doors to the yoga studio open so as to allow adequate air flow from outdoor sources;

  f.  Have proper ventilation with anti-viral air filtration;

  g.  Space yoga classes apart by 60 minutes or more rather than the pre-pandemic 30 minutes that his studio used to do;

  h.  Wipe down the floor, bathroom, all surfaces, including door handles, etc between each class;

  i.  Use an external skin-sensing thermometer with separate protective equipment (plastic cover) for each student out in front of the studio prior to permitting yoga students into the business;

j.   Only permit one person at a time into the lobby area for check in with a plastic shield protecting the person manning the check-in desk;

k.   Provide disposable gloves for the instructor and for all students for each class;

l.   Insist on students entering through the front door and exiting through the back door so that each portal is a one-way access;

m.   Insist on any person who has a temperature or any sign of any illness being required to leave the premises immediately and not be permitted to return until some period of time after the cessation of symptoms.

n.   avoiding having waiting rooms, copious use of hand sanitizers, wearing of masks and the requirement for customers to do the same, prohibition of entry to the premises for any person who shows symptoms consistent with the COVID disease, etc.

**CAUSES OF ACTION**

**Cause of Action #1**
**42 U.S.C. § 1983 Denial of First Amendment Right to Peaceably Assemble**
**Defendants: All Defendants**

58)   Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

59)   Plaintiff would like to be able to peaceably assemble with those who would be their customers to exchange goods and services as they normally would in a free society.

60)   The right to peaceably assemble is a fundamental right guaranteed under the United States Constitution. The proper standard for review of a law or order which would prohibit such is strict scrutiny.

61) The discrimination that prohibits Plaintiff's business from operating while permitting lines outside of Home Depot or the local marijuana shop is not based on any compelling governmental interest.

62) The discrimination that prohibits Plaintiff's business from operating in a manner that all but eliminates touching of surfaces by multiple people is not narrowly tailored when the government permits person after person after person to touch the same ATM pad at the local Walmart while cashiers use the same pair of gloves to scan item after item after item.

63) The discrimination that prohibits Plaintiff's business from operating in a manner that avoids direct human contact is not the least intrusive interference necessary to accomplish the spread of the virus.

64) There is no "pandemic" exception to the First Amendment.

65) Plaintiff has planned to make no less than 14 itemized changes to his business practices upon reopening in order to minimize the risk of spreading the CoV virus at his yoga studio as laid out in the FACTS section of this complaint.

66) Plaintiff is suffering emotional distress and loss of income caused by the loss of his First Amendment right to peaceably assemble.

67) Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action #2**
**42 U.S.C. § 1983 Unreasonable Seizure of Property**
**Defendants: All Defendants**

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Thomas Antoon d/b/a Pacifica Beach Yoga v. Newsom et al --- Case No. 3:20-cv-3141

68) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

69) Plaintiff has a property interest in his business premises and his business.

70) Defendants have prohibited the use or access to that property in a manner that amounts to a seizure within the meaning of the 4th Amendment.

71) Defendants have no individualized articulable suspicion of Plaintiff engaging in any act that is not ordinarily lawful on his business property. Indeed, all acts Plaintiff is suspected of engaging in are acts which Plaintiff is lawfully permitted to do except as Defendants allege are now prohibited by their unconstitutional orders.

72) Defendants have neither a warrant nor any exception to the warrant requirement as justification for this seizure.

73) Defendants have not paid reasonable compensation for the property.

74) Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action #3**
**42 U.S.C. § 1983 Unreasonable Seizure of Persons**
**Defendants: All Defendants**

75) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

76) Plaintiff is under order to not leave his house except for specified reasons.

77) Plaintiff does not feel free to leave for purposes other than the Defendants arbitrary grants of permission.

78) Defendants have no individualized suspicion of any basis for restraining Plaintiff's liberty to leave his places of abode.

79) The length of the detention far exceeds the transitory and brief period permitted for suspicionless detention permitted by the US Supreme Court in *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444 (1990).

80) Even the Attorney General of the United States, William Barr, has commented that we are all effectively on house arrest. This is a seizure of persons.

81) Defendants possessed neither a warrant nor any exception to the warrant requirement for this seizure.

82) Plaintiff has suffered actual economic losses and emotional distress as a result of the unlawful confinement to his place of abode.

83) Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action #4**
**42 U.S.C. § 1983 – 5th Amendment Taking without Compensation**
**Defendants: All Defendants**

84) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

85) Plaintiff has a property interest in his respective businesses.

86) Defendants have prohibited the use or access to that property in a manner and to such an extent that this amounts to a taking within the meaning of the 5th Amendment.

87) Defendants have not paid reasonable compensation for the taking of this property.

88) Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action #5**
**42 U.S.C. § 1983 Excessive Fines / Cruel and Unusual Punishment**
**Defendants: All Defendants**

89) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

90) Plaintiff faces possibility of up to six months of incarceration in jail plus a fine of $1,000 plus penalty assessments for a potential total of nearly $5,000 if he opens up his business.

91) This fine and jail time could be imposed for each day that Plaintiff opens for business.

92) Plaintiff has a proper business license and all required permits to engage in this business.

93) Plaintiff has planned to make no less than 14 itemized changes to his business practices upon reopening in order to minimize the risk of spreading the CoV virus at his yoga studio as laid out in the FACTS section of this complaint.

94) It is unconscionable that a business owner could face ruinous fines and months of incarceration for attempting to earn a living in that business owner's chosen profession when there are zero indications that a communicable disease has ever even been present within the business premises.

95) To put a person in a choice between risking incarceration for months or forcing one into unemployment which risks permitting one's family into eviction and homelessness and inability to afford life-saving medication; Such is an arbitrary punishment that is wholly

unreasonable and indeed cruel. Never before in the history of California has an entire class of persons been subjected to this choice with an indefinite and ever-delayed period of forcing such decisions on anyone as has been forced on Plaintiff. It is also therefore unusual – especially in light of the unequal enforcement of these same rules against large corporations such as Walmart, Costco, and Home Depot.

96) Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action #6**
**42 U.S.C. § 1983 Denial of Due Process (14th Amendment) (liberty to earn a living)**
**Defendants: All Defendants**

97) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

98) Plaintiff's liberty to earn a living is being denied.

99) The restrictions on Plaintiff's liberty is arbitrary and without rational basis, and is neither based on a compelling governmental interest, nor narrowly tailored to achieve such interest, and is not using the least restrictive means.

100) Plaintiff has shown no signs of having contracted CoV or having the COVID disease.

101) Defendants have no basis to claim that this disease is substantially more deadly than many other communicable diseases for which they have not locked down society, most notably, regular outbreaks of seasonal influenza virus. The government interest in preventing the spread of the SARS-nCoV-2 virus is not significantly greater than that of the flu. This does not rise to a "compelling governmental interest" that would be required under a review of strict scrutiny.

102) Plaintiff is engaged in making a living by operating a yoga studio.

103) Plaintiff has planned to make no less than 14 itemized changes to his business practices upon reopening in order to minimize the risk of spreading the CoV virus at his yoga studio as laid out in the FACTS section of this complaint.

104) Therefore, since there is a way for Plaintiff's business to operate while minimizing the risk of causing spread of the virus, there are less restrictive means by which any governmental interest at stake could be achieved.

105) Also, in light of the amount of congregation of persons at nearly all Walmart, Home Depot, Costco, and other such "big-box" stores, as well as touching of products and checkout ATM keypads by a multitude of persons without sanitation therein and the repeated touching of products by the cashier without changing gloves between each customer, it is clear that the mandated complete closure of Plaintiff's stores is, by comparison, arbitrary, capricious, and unreasonable.

106) Plaintiff's business gross revenues have dropped to zero as a result of Defendant's arbitrary, capricious, and unduly burdensome Stay-at-home-orders.

107) Plaintiff is suffering damages of emotional distress caused by the loss of liberty.

108) Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action #7**
**42 U.S.C. 1983 – 14th Amendment Equal Protection of Law**
**Defendants: All Defendants**

109) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

110) Plaintiff's career of being a yoga studio owner and yoga instructor is capable of having a sanitized environment that is of reasonably low risk to causing spread of the SARS-nCoV-2 virus.

111) Plaintiff has planned to make no less than 14 itemized changes to his business practices upon reopening in order to minimize the risk of spreading the CoV virus at his yoga studio as laid out in the FACTS section of this complaint.

112) Plaintiff notes that at nearly every Walmart, Home Depot, grocery store and marijuana dispensary: that patrons of such stores are frequently touching various objects and leaving them unsanitized for the next person to touch, including but not limited to pay station ATM keypads; that the cashiers at such stores are touching items from each consecutive patron without changing gloves or using hand sanitizer in between; that patrons of such stores are frequently seen without masks or other methods of preventing the spread of the SARS-nCoV-2 virus; that patrons of such stores frequently are required to stand in lines outside the stores to wait until occupancy levels are low enough for the stores to admit more patrons, and that in such waiting lines that "social distancing" is frequently not observed by many.

113) There is no evidence whatsoever that the SARS-nCoV-2 virus discriminates in favor of spreading at small businesses such as that of Plaintiff where extra precautions can be taken in favor of sanitation and safety, NOR is there evidence that the virus discriminates against spreading at such big box stores as Costco, Walmart, or Home Depot where nothing is done to prevent spread of the virus by virtue of patron after patron touching various objects for sale and then leaving such objects on the shelf for the next patron to touch with no efforts at all to sanitize such objects; NOR is there evidence that the virus discriminates against spreading in the entry lines to such stores

where frequently the guidelines of social distancing are not honored; NOR is there evidence that the virus discriminates against spreading at other "approved" small businesses such as marijuana dispensaries, where again, person after person may touch objects in such drug dealing operations while standing in line or at the counter.

114)  In short, no rational basis exists as to why Plaintiff's small business should be treated so harshly as to be ordered closed indefinitely while Walmart, Home Depot, Costco, or the locally authorized marijuana dispensary are permitted to remain open; indeed in light of the small nature of the business and the extra precautions that can be taken by Plaintiff in how business is operated, as opposed to the lack of such sanitary environs at the government-favored stores that it would make more sense to permit Plaintiff's business to be in operation than the cesspool of germ contamination that occurs on the shelves, check-out stations, and lines outside of the big box stores.

115)  Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action #8**
**42 U.S.C. 1983 – 14th Amendment Privileges or Immunities**
**Defendants: All Defendants**

116)  Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

117)  It is a privilege or immunity of any citizen of the United States to travel freely.

118)  Defendants' orders prohibit Plaintiff from traveling to other similarly situated (government-non-approved) businesses.

119) Defendants' orders prohibit this freedom of travel to Plaintiff's business for purposes of business transactions pertaining to Plaintiff's business, but may permit such travel for other reasons of which the Government approves.

120) This right to travel is a fundamental right and so the proper standard is strict scrutiny.

121) The so-called epidemic caused by the SARS-nCoV-2 virus creates a governmental interest more similar to that of the common seasonal influenza virus than to bubonic plague, a disease which the courts of California have stated was not of sufficient governmental interest to prevent freedom of travel for a group merely the size of a neighborhood, much less the entire State. This is not a compelling governmental interest.

122) Even if there is a compelling governmental interest, which Plaintiff contends there is not, the prohibition of travel for purposes other than authorized is not narrowly tailored to suit such ends. The permission of travel to such big box stores as Walmart, Costco, and Home Depot, and the conditions therein which have rightly drawn the attention and ire of members on the internet make clear that the prohibition of travel to a small business such as that owned and operated by Plaintiff means that the distinction is not narrowly tailored, nor less restrictive than necessary.

123) Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. 1988, attorney fees as permitted by State law, and injunctive relief in the form of an order that Defendants orders prohibiting plaintiff's business from reopening are unconstitutional and unenforceable.

**Cause of Action 9**
**California Civil Code § 52.1 – Violation or Attempted Violation of All Rights Asserted in Any of Causes of Action #1-#8**
**Defendants: All Defendants.**

124) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

125) California Civil Code § 52.1 states that there is a private right of action for any denial or attempt at denial of a right granted by the US Constitution through use of threat or coercion.

126) Defendants have by means of threat of imprisonment and threat of ruinous fines denied, or attempted to deny, Plaintiff the full enjoyment of each right at issue in Causes of Actions #1 through #8, inclusive.

127) Plaintiff prays for relief in the form of actual damages and attorney fees pursuant to Cal. Civ. Code § 52.1(i) and Cal. Code of Civ. Pro. § 1021.5, and injunctive relief pursuant to Cal. Civ. Code § 52.1(c) in the form of an order that Defendants' orders prohibiting plaintiff's business from reopening is unconstitutional and unenforceable and to issue the required warning encoded in Cal. Civ. Code § 52.1(e).

**Cause of Action #10**
**Cal. Civ. Code § 52.1 - California Constitution, Art. 1, § 1 – Right to Enjoy Liberty, Acquire and Possess Property, and Pursuing Happiness**
**Defendants: All Defendants**

128) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

129) Defendants have, by and through their orders with threats of incarceration and ruinous fines, deprived Plaintiff of his inalienable rights to acquire property or to possess his property in any meaningful sense.

130) Defendants have, by and through their orders with threats of incarceration and ruinous fines, deprived Plaintiff of his inalienable right to enjoy liberty to travel to and from his place of business.

131)  Defendants have, by and through their orders with threats of incarceration and ruinous fines, deprived Plaintiff the pursuit of happiness that comes from engaging in his inherently lawful business operations.

132)  Defendants orders have been discriminatory in favor of certain businesses of arbitrary classification.

133)  Defendants have acted in excess of what the California Courts have permitted in regards to the laws of quarantine. Plaintiffs are not suspected, with any reason, of having infectious disease; NOR reasonably suspected of having been in contact with infectious disease; the application of quarantine laws is not appropriate and the restrictions on Plaintiff's liberties do not stand scrutiny under the law or the Constitution of California.

134)  Plaintiff prays for relief in the form of actual damages and attorney fees pursuant to Cal. Civ. Code § 52.1(i) and Cal. Code of Civ. Pro. § 1021.5, and injunctive relief pursuant to Cal. Civ. Code § 52.1(c) in the form of an order that Defendants' orders prohibiting plaintiff's business from reopening is unconstitutional and unenforceable with the required warning encoded in Cal. Civ. Code § 52.1(e).

**Cause of Action #11**
**Cal. Civ. Code § 52.1 - California Constitution, Art. 1, § 7 – Denial of Liberty and Property without Due Process**
**Defendants: All Defendants**

135)  Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

136)  Plaintiff is prohibited from enjoying the right to operate his business, even if taking precautions to adapt to the legitimate state interests in avoiding the spread of the SARS-

nCoV-2 virus. Other businesses are not so restrained because they are arbitrarily in a category deemed "essential" – including such businesses as marijuana dispensaries.

137) Plaintiff is arbitrarily and capriciously denied any meaningful opportunity to show that his business can be run in a manner that is equally safe to the manner in which Walmart, Costco, Home Depot, and the local marijuana shops operate or the ability even if such procedures existed to permit him to be able to operate upon such a showing.

138) Plaintiff prays for relief in the form of actual damages and attorney fees pursuant to Cal. Civ. Code § 52.1(i) and Cal. Code of Civ. Pro. § 1021.5, and injunctive relief pursuant to Cal. Civ. Code § 52.1(c) in the form of an order that Defendants' orders prohibiting plaintiff's business from reopening is unconstitutional and unenforceable with the required warning encoded in Cal. Civ. Code § 52.1(e).

**Cause of Action #12**
**Cal. Civ. Code § 52.1 - California Const., Art. 1, § 13 – Unreasonable Seizure of Person**
**Defendants: All Defendants**

139) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

140) United States Attorney General William Barr commented that we are all effectively on House Arrest. This is a seizure of persons under threat of criminal prosecution.

141) Plaintiffs are not free to leave their house for nearly any purpose other than to spend money at government favored businesses. Plaintiff cannot drive to visit friends. Plaintiff cannot travel downstairs to Plaintiff's business to conduct exchange of goods and services that are ordinarily lawful. Plaintiff cannot drive to church or participate in church services. All under threat of criminal prosecution, just as a person on House

Arrest can be incarcerated in a county jail for violating the terms of the house arrest by leaving for an unapproved purpose.

142) Plaintiff is suspected of no wrongdoing nor of being infected with communicable disease nor of having had contact with anyone who has been infected with communicable disease. The detention of Plaintiff is part of a society-wide detention.

143) The suspicionless detention of this large swath of persons is being done for a period of time which exceeds that transitory and brief period of time which the US Supreme Court has authorized for suspicionless detentions in *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444 (1990).

144) Plaintiff prays for relief in the form of actual damages and attorney fees pursuant to Cal. Civ. Code § 52.1(i) and Cal. Code of Civ. Pro. § 1021.5, and injunctive relief pursuant to Cal. Civ. Code § 52.1(c) in the form of an order that Defendants' orders prohibiting plaintiff's business from reopening is unconstitutional and unenforceable with the required warning encoded in Cal. Civ. Code § 52.1(e).

**Cause of Action #13**
**Cal. Civ. Code § 52.1 - California Const., Art. 1, § 13 – Unreasonable Seizure of Property**
**Defendants: All Defendants**

145) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

146) Plaintiff has been denied use and enjoyment of business premises to such an extent as to effectively render such property worse than useless since rent is still required to be paid pursuant to contracts which Defendants have not relieved Plaintiff's obligations of.

147) Plaintiff has not received just compensation for the denial of the right to use and enjoyment of the property as required by the 5th Amendment and Cal. Const. Art 1, § 19.

148) Plaintiff has not been provided a jury trial prior to the taking of the just compensation for this denial of right to use the property as required by Cal. Const. Art. 1, § 19.

149) The denial of the right to use and enjoy property without either compensation or due process that is guaranteed in the California Constitution amounts to a taking.

150) A taking without compensation is a seizure.

151) Defendants have no individualized reasonable suspicion or probable cause that the subject property has been or would be used for any purpose more dangerous to the public health than the local marijuana sales shop where surfaces are present which are touched by repeated customers without sanitization in between.

152) Plaintiff prays for relief in the form of actual damages and attorney fees pursuant to Cal. Civ. Code § 52.1(i) and Cal. Code of Civ. Pro. § 1021.5, and injunctive relief pursuant to Cal. Civ. Code § 52.1(c) in the form of an order that Defendants' orders prohibiting plaintiff's business from reopening is unconstitutional and unenforceable with the required warning encoded in Cal. Civ. Code § 52.1(e).

**Cause of Action #14**
**Cal. Civ. Code § 52.1 - California Const., Art. 1, § 19 – Taking without Compensation**
**Defendants: All Defendants**

153) Plaintiff incorporates all other paragraphs of this complaint into this Cause of Action as if fully set forth herein.

154) Big box stores like Walmart, Costco, and Home Depot are allowed to stay open for business, in spite of the airborne disease spreading conditions therein.

155) Marijuana shops are permitted to remain open to sell Federal Schedule 1 controlled substances in stores that do not necessarily sterilize every surface between touching of those surfaces by customers who want to get high.

156) Meanwhile Plaintiff has been deprived access to business premises for the purpose of engaging in an occupation that, with proper care that Plaintiff intends to implement, would have little risk of spreading the SARS-nCoV-2 virus and which is ordinarily a normal and permissible trade in all 50 states and under federal law.

157) This deprivation of access for the intended (and really ONLY) use of such property amounts to a total denial of value during the duration of prohibition of reasonable use.

158) The value of the property that is being denied is the expected gross revenue during the time of denial of access.

159) Plaintiff was not provided a trial by jury to determine this amount as required by Cal. Const. Art. 1, § 19.

160) Plaintiff was not provided any other means by the State of California to determine the value lost due to the regulatory taking of Plaintiff's property for the duration of the Defendants' orders.

161) Plaintiff has been provided no compensation for the deprivation of property.

162) Plaintiff has a right under the California Constitution to not only "just compensation" for property taken, but also to a right to trial by jury prior to the taking. While there may be some exigency to justify not engaging in a trial by jury for the value of the use and enjoyment of the property prior to this regulatory taking, there is no such excuse for the failure to allow any immediate process for determination of just compensation nor the payment of any sum in the interim for the taking which occurred. Furthermore, with the closure of most of the California Courts system for purposes other than an extremely limited list of acceptable filings, Plaintiff has not even been permitted to use the California Courts to seek a redress of this grievance.

163) Plaintiff prays for relief in the form of actual damages and attorney fees pursuant to Cal. Civ. Code § 52.1(i) and Cal. Code of Civ. Pro. § 1021.5, and injunctive relief pursuant to Cal. Civ. Code § 52.1(c) in the form of an order that Defendants' orders prohibiting plaintiff's business from reopening is unconstitutional and unenforceable with the required warning encoded in Cal. Civ. Code § 52.1(e).

**PRAYER FOR RELIEF**

1) Plaintiff seeks a determination that the shutdown orders issued by Defendant Governor Newsom is unconstitutional and unenforceable.

2) Plaintiff seeks a determination that the shutdown orders issued by Defendant San Mateo County is unconstitutional and unenforceable.

3) Plaintiff seeks special damages for lost revenue plus additional lost revenue between the filing of this complaint and the cessation of the shutdown orders.

4) Plaintiff seeks general damages in an amount to be determined at trial.

5) Plaintiff seeks any other orders for relief as may be deemed just by this Court.

6) Plaintiff Demands Trial by Jury.

Dated: May 7, 2020

BECKER LAW PRACTICE

/s/ Matthew N. Becker
Matthew Becker
Attorney for Plaintiff